Dear Mr. Jones:
You advise this office that the Secretary of the Department of Health and Hospitals leased the old E.A. Conway Hospital Property (state property) to the Ouachita Parish Police Jury. The Ouachita Parish Police Jury has in turn subleased the property to the Northeast Economic Development District (hereinafter NEED) for use as an adolescent drug rehabilitation center. Your inquiry concerning these facts is two-part:
 1. Whether or not NEED can enter into a management-service contract with a private entity or would NEED have to submit the management-service contract for bid?
 2. Whether or not NEED can enter into a sublease agreement with a private entity or would NEED have to submit for bid the sublease of the center?
The Northeast Economic Development District is a political subdivision of the State, as provided in LSA-R.S. 33:130.381(A):
§ 130.381. Northeast Economic Development District; creation; territorial jurisdiction.
 A. The Northeast Economic Development District (NEED), hereinafter referred to as the "district", is hereby constituted and is declared to be a body politic and political subdivision of the state of Louisiana, as defined in Article VI, Section 44 of the Constitution of Louisiana. Pursuant to Article VI, Sections 19 and 21
of the Constitution of Louisiana, the district, acting through its board of commissioners, the governing authority of said district, is hereby granted all of the rights, powers, privileges, and immunities granted to political subdivisions for industrial, commercial, research, and economic development purposes, including but not limited to the power of taxation, the power to incur debt and issue revenue and general obligation bonds, certificates of indebtedness, bond and revenue anticipation notes, and refunding bonds, subject to the limitations hereinafter provided. (Emphasis added).
In response to your first question, this is a contract for services and not one for "public works" or the "purchase of supplies and materials" under LSA-R.S. 38:2211, et seq. LSA-R.S. 38:2212 requires all public works, including labor and materials, and all purchases of materials or supplies, in excess of statutory amounts, to be paid with public funds to be advertised and let by contract to the lowest responsible bidder. In contrast, there are no provisions contained in LSA-R.S.38:2211, et seq., which would require a contract for services to be let by public bid.
In response to your second question, note again that generally, the lease of public property and/or the letting of public contracts by political subdivisions are governed by the Public Lease and Public Contract Law (LSA-R.S. 41:1211, etseq. and LSA-R.S. 38:2211 et seq.) However, in accordance with the jurisprudence, this office has previously recognized certain exceptions to the applicability of the public bid laws to public contracts. See Attorney General Opinion 93-389, and citations therein. A review of the statutory authority in LSA-R.S. 33:130.385 empowering the NEED reflects the following, which we find in this matter to provide an exception from public bid requirements:
 B. The district shall have the following additional powers, together with all powers incidental thereto or necessary for the performance of those hereinafter stated:
* * * * *
 (2) To lease or to contract for the use of any or all of its authorized projects and to charge and collect rent, fees, or charges therefore, and to terminate any such lease or contractual arrangement upon the failure of the obligations thereof, all as may be provided for in the lease agreement to which the district may become a party.
* * * * *
 (5)(a) To enter into any cooperative financing of an economic development project between or among the district and the state, any of its local governmental subdivisions, political corporations or public benefit corporations, the United States or its agencies, or any public or private association, corporation, or individual. Said methods of financing shall include loan guarantees, land write-downs, grants, lease guarantees, or any form of financial subsidy or incentive that complies with the provision of Article VII, Section 14 of the Constitution of Louisiana.
 (b) To enter into any cooperative development between or among the district and the state, any of its legal governmental subdivisions, political corporations or public benefit corporations, the United States or its agencies, or any public or private association, corporation, or individual. Said methods of cooperative development shall include but not be limited to any number of joint development agreements such as condominiums and cooperative ownership, limited partnerships, and investment syndicates not prohibited by the Constitution of Louisiana. Regardless of the method of financing, the district shall attempt to obtain the most favorable security available in order to protect and ensure recovery of sums loaned or paid pursuant to such financing.
 (c) "Cooperative endeavor" means any form of economic development assistance between or among the district and the state, any of its local governmental subdivisions, political corporations or public benefit corporations, the United States or its agencies, or any public or private association, corporation, or individual. The term "cooperative endeavor" shall include but not be limited to cooperative financing, cooperative development, or any other form of cooperative economic development activity. (Emphasis added). (See LSA-R.S. 33:130.385).
The statute authorizes NEED to enter into a lease agreement or contract with a private entity without adherence to the Public Bid or Public Contract Laws. It is our opinion that, in the instant matter, the sublease between NEED and this private entity need not be let by public bid. Our conclusion is predicated upon the assumption that the original lease does not restrict this sublease arrangement by way of a reverter clause or direct prohibition.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Honorable C. D. Jones Senator 141 Desiard Street, Suite 315 Monroe, LA 71202
DATE RECEIVED:
DATE RELEASED:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL